IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAMES HENRY DAVIS, # 267569, | ) |
| | ) |
|    Petitioner, | ) |
| | ) |
| | )   CASE NO. 2:19-cv-46-WHA-JTA |
| v. | )   (WO) |
| | ) |
| CHRISTOPHER GORDY, et al., | ) |
| | ) |
|    Respondents. | ) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the Court is a petition for writ of habeas corpus under 28 U.S.C. § 2254 filed on January 14, 2019, by James Henry Davis, an Alabama inmate proceeding *pro se*. Doc. 1.[1] Davis challenges his 2009 Pike County convictions for two counts of first-degree robbery, for which he was sentenced to life in prison without parole. For the following reasons, the undersigned Magistrate Judge RECOMMENDS that Davis's petition be DENIED without an evidentiary hearing and that this case be DISMISSED with prejudice.

### I.    BACKGROUND

**A.    State Criminal Conviction**

On August 28, 2009, a Pike County jury found Davis guilty of two counts of first-degree robbery, violations of ALA. CODE § 13A-8-41(a)(1). Doc. 11-1 at 229–31; Doc. 11-3 at 298–99. On that same date, the trial court sentenced Davis, as a habitual offender,

---

[1] References to "Doc(s)." are to the document numbers of the pleadings, motions, and other materials in the court file, as compiled and designated on the docket sheet by the Clerk. Pinpoint citations are to the page of the electronically filed document in the Court's CM/ECF filing system, which may not correspond to pagination on the "hard copy" of the document presented for filing.

to concurrent terms of life imprisonment without the possibility of parole. Doc. 11-3 at 313–14.

Davis appealed, arguing that the trial court erred in denying his request for funds to hire an expert in eyewitness identification. Doc. 11-4. On May 14, 2010, the Alabama Court of Criminal Appeals affirmed Davis's convictions and sentence by memorandum opinion. Doc. 11-6. Davis's application for rehearing was overruled on June 4, 2010. Doc. 11-23 at 3. Davis did not petition the Alabama Supreme Court for certiorari review. The Alabama Court of Criminal Appeals issued a certificate of judgment on June 23, 2010. Doc. 11-7.

**B.      State Post-Conviction Proceedings**

On May 10, 2011, Davis filed a petition in the state trial court seeking post-conviction relief under Rule 32 of the Alabama Rules of Criminal Procedure. Doc. 11-8 at 20. Davis amended his Rule 32 petition several times. In his petition, he raised claims of actual innocence, double jeopardy, an improperly amended indictment, an unsworn petit jury, an unlawfully enhanced sentence, denial of counsel, and ineffective assistance of trial and appellate counsel. Doc. 11-8 at 13–68, 71–104. After appointing counsel to represent Davis (Doc. 11-8 at 118), the trial court held an evidentiary hearing on Davis's Rule 32 petition in March 2014 (Doc. 11-8 at 140–226). On April 8, 2014, the trial court entered an order denying Davis's Rule 32 petition. Doc. 11-8 at 124-26.

Davis appealed, pursuing a claim in his Rule 32 petition that his trial counsel was ineffective for failing to conduct adequate pretrial investigation and for failing to subpoena alibi witnesses to testify at his trial. Doc. 11-9. On January 30, 2015, the Alabama Court

of Criminal Appeals issued a memorandum opinion affirming the trial court's judgment denying Davis's Rule 32 petition. Doc. 11-12. Davis's application for rehearing was overruled, and he filed a petition for writ of certiorari with the Alabama Supreme Court (Doc. 11-13). On June 12, 2015, the Alabama Supreme Court denied his petition for certiorari (Doc. 11-14), and a certificate of judgment issued on that date (Docs. 11-14, 11-15).

In May 2017, Davis filed a second Alabama Rule 32 petition in which he presented a claim that his counsel in his first Rule 32 proceeding was ineffective for failing to subpoena alibi witnesses to testify at the evidentiary hearing on the Rule 32 petition. Doc. 11-16 at 30. On September 6, 2017, the trial court entered an order denying Davis's second Rule 32 petition. Doc. 11-16 at 42. Davis appealed, and on April 20, 2018, the Alabama Court of Criminal Appeals issued a memorandum opinion affirming the trial court's denial of Davis's second Rule 32 petition. Doc. 11-19. Davis's application for rehearing was overruled, and he filed a petition for writ of certiorari with the Alabama Supreme Court (Doc. 11-20). On July 13, 2018, the Alabama Supreme Court denied his petition for certiorari (Doc. 11-21), and a certificate of judgment issued on that date (Docs. 11-21, 11-22).

**C.    Federal Habeas Petition**

Davis filed this § 2254 petition on January 14, 2019. Doc. 1. In his petition, Davis claims he received ineffective assistance of trial counsel and that his court-appointed lawyer in his first Rule 32 proceeding rendered ineffective assistance of counsel by failing to subpoena alibi witnesses to testify at the evidentiary hearing. Respondents answer that

Davis's § 2254 petition is time-barred under AEDPA's one-year limitation period. Doc. 11. The Court finds Respondents' statute-of-limitations argument to be well taken.[2]

## II. DISCUSSION

### A. AEDPA's Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") includes a one-year statute of limitations for filing a § 2254 petition. Title 28 U.S.C. § 2244(d) of AEDPA states:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[2] In addition to their statute-of-limitations argument, Respondents assert various other grounds for denying Davis's § 2254 petition. Because the statute of limitations is dispositive here, the Court pretermits full discussion of the other asserted grounds for denying Davis's petition. However, the Court agrees with Respondents (Doc. 11 at 15–16) that Davis's claim that his court-appointed lawyer in his first Rule 32 proceeding rendered ineffective assistance of counsel is not a valid ground for federal habeas relief. *See Chavez v. Sec'y Dep't of Corr*, 742 F.3d 940, 944–45 (11th Cir. 2014).

>    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

**B.     Analysis of Timeliness**

Under § 2244(d)(1)(A), a state prisoner's conviction is final at "the conclusion of direct review or the expiration of the time for seeking such review." *Pugh v. Smith*, 465 F.3d 1295, 1298 (11th Cir. 2006) (quoting § 2244(d)(1)(A)). A state prisoner's conviction becomes final when the United States Supreme Court denies a petition for writ of certiorari or decides on the merits, or when the 90-day period in which to petition the Supreme Court for certiorari expires. *Nix v. Sec'y for the Dep't of Corr.,* 393 F.3d 1235, 1236–37 (11th Cir. 2004). *See, e.g., Coates v. Byrd*, 211 F. 3d 1225 (11th Cir. 2000); Rule 13.1, Rules of U.S. Supreme Court. When certiorari review in the state's highest court is not sought, the U.S. Supreme Court lacks jurisdiction to review a petition for writ of certiorari. Rule 13.1, Rules of U.S. Supreme Court; 28 U.S.C. § 1257(a).

During the direct-review stage of his case, Davis did not seek certiorari review in the Alabama Supreme Court. His failure to do so precluded his seeking certiorari review in the U.S. Supreme Court. Therefore, for purposes of AEDPA, his conviction became final, and the one-year limitation period in § 2244(d)(1)(A) began to run, on June 23, 2010—the date on which the Alabama Court of Criminal Appeals issued a certificate of judgment in the direct-review proceedings. *Brown v. Hooks*, 176 F. App'x 949, 951 (11th Cir. 2006). Absent statutory or equitable tolling, Davis had until June 23, 2011, to file his

§ 2254 petition. As discussed below, statutory tolling under 28 U.S.C. § 2244(d)(2) extended the AEDPA deadline beyond that date, but Davis still filed his petition after AEDPA's statute of limitations expired.

### 1. *Statutory Tolling*

Under 28 U.S.C. § 2244(d)(2), AEDPA's one-year limitation period is tolled during the pendency in the state courts of a properly filed state petition challenging the petitioner's conviction and sentence. *See* 28 U.S.C. § 2244(d)(2) (stating that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section"); *see also Tinker v. Moore*, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001). On May 10, 2011, Davis filed his first Rule 32 petition in the state trial court. Under § 2244(d)(2), that filing tolled AEDPA's limitation period. At that time, the one-year limitation period for filing a § 2254 petition had run for 322 days (i.e., from June 23, 2010 to May 10, 2011). The Rule 32 proceedings concluded on June 12, 2015—when the Alabama Supreme Court issued a certificate of judgment in the proceedings—starting AEDPA's clock running again. On June 12, 2015, Davis had 43 days (i.e., 365 - 322) remaining to file a timely § 2254 petition. The record shows that the AEDPA limitation period ran unabated without a tolling event for those 43 days, expiring on July 27, 2015—the first business day after July 25, 2015.[3]

---

[3] The remaining 43 days for Davis to file his § 2254 petition ran to July 25, 2015—but that date fell on a Saturday, when the courthouse was not open.

Davis filed a second Rule 32 petition in May 2017. But that filing had no tolling effect under § 2244(d)(2), because, the AEDPA limitation period had expired on July 27, 2015. A Rule 32 petition filed after expiration of AEDPA's limitation period does not toll the federal statute under § 2244(d)(2), because no time remains to be tolled. "[O]nce a deadline has expired, there is nothing left to toll." *Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004). "A state court filing after the federal habeas deadline does not revive" the statute of limitations period applicable to federal habeas review. *Id.*

The provisions of 28 U.S.C. § 2244(d)(1)(B) through (D) provide no safe harbor for Davis by affording him a different triggering date so that AEDPA's limitation period commenced on some date later than June 23, 2011, or expired (with statutory tolling under § 2244(d)(2)) on some date later than July 27, 2015. There is no evidence that an unlawful state action impeded Davis from filing a timely § 2254 petition, *see* 28 U.S.C. § 2244(d)(1)(B), and Davis submits no ground for relief with a factual predicate not discoverable earlier with due diligence. *See* 28 U.S.C. § 2244(d)(1)(D). Davis also presents no claim resting on a "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *See* 28 U.S.C. § 2244(d)(1)(C).

The controlling limitation period for Davis's § 2254 petition is the one in 28 U.S.C. § 2244(d)(1)(A). Under that provision, the AEDPA's statute of limitations expired on July 27, 2015. Davis filed his § 2254 petition on January 14, 2019—over 42 months after the limitation period expired. Therefore, his petition is untimely.

### 2. *Equitable Tolling*

The limitation period may be equitably tolled on grounds besides those specified in the habeas statutes "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). A petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). "The petitioner bears the burden of showing that equitable tolling is warranted." *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009). Here, Davis offers the Court no basis for applying equitable tolling.[4] Thus, his § 2254 petition is time-barred by AEDPA's statute of limitations.

### 3. *Actual Innocence*

The AEDPA statute of limitations can be overcome by a credible showing of actual innocence. *McQuiggin v. Perkins*, 569 U.S. 383, 393–94 (2013). Habeas petitioners asserting actual innocence as a gateway to review of defaulted or time-barred claims must establish that, in light of new evidence, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). In *Schlup*, the Supreme Court stated:

> [A] substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. . . . To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable

---

[4] To the extent, if any, Davis attempts to rely on *Martinez v. Ryan*, 566 U.S. 1 (2012), as a basis for equitable tolling, such an argument is unavailing. *Arthur v. Thomas*, 739 F.3d 611, 630–31 (11th Cir. 2014); *Chavez v. Sec'y Dep't of Corr*, 742 F.3d 940, 946 (11th Cir. 2014).

> evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

513 U.S. at 324. Here, Davis offers no argument for his actual innocence. Because the actual-innocence exception does not apply in Davis's case, the claims in his time-barred § 2254 petition are not subject to federal habeas review.

### III.   CONCLUSION

The undersigned Magistrate Judge RECOMMENDS that Davis's § 2254 petition be DENIED without an evidentiary hearing and that this case be DISMISSED with prejudice.

Additionally, it is ORDERED that the parties shall file any objections to this Recommendation by **November 1, 2021**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which each objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation, and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1; *see also Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 15th day of October, 2021.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE